Patrick C. Riley
TARLOW STONECIPHER
WEAMER & KELLY, PLLC
1705 West College Street
Bozeman, MT 59715-4913
Telephone: (406) 586-9714
Facsimile: (406) 586-9720
priley@lawmt.com

*Attorneys for Ryder Truck Rental, Inc.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| | |
|---|---|
| RYDER TRUCK RENTAL, INC., | CAUSE NO. CV-23-01-BLG-SPW-KLD |
| Plaintiff, | |
| v. | **COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES AND JURY DEMAND** |
| PROGRESSIVE SOUTHEASTERN INSURANCE COMPANY, | |
| Defendant. | |

Plaintiff, Ryder Truck Rental, Inc. ("Ryder"), through counsel, for its Complaint for Declaratory Judgment, states and alleges as follows:

### I.  PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Ryder Truck Rental, Inc. is a corporation incorporated under the laws of Florida with its principal place of business in Florida.

2. Defendant Progressive Southeastern Insurance Company ("Progressive") is a corporation incorporated under the laws of Indiana with its principal place of business at 9339 Priority Way W Dr., Ste 200, Indianapolis, IN 46240.

3. Progressive issued an insurance policy to non-party Active Transport, LLC ("Active Transport"), as Policy No. 00593052 (the "Policy").

4. Ryder was named as an additional insured on the Policy, which provided auto coverage for a 2020 Freightliner Cascadia PX12664 semi-tractor ("Tractor") that was rented by Active Transport from Ryder.

5. On February 9, 2020, the Tractor was involved in a single-vehicle fatal accident in Park County, Montana, for which Progressive opened a claim, Claim Number 20-1269389 (the "Underlying Claim").

6. The liability coverage limit set forth under the Policy exceeded $75,000.00, the Underlying Claim giving rise to the present coverage issues was in excess of $75,000.00, and Ryder incurred damages in the form of costs, fees, and expenses, in defending the Underlying Claim and bringing this declaratory action on the duty to defend, in excess of $75,000.00.

7. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 because this matter in controversy exceeds $75,000.00 and the parties are citizens of different states.

8. Venue is proper in the Billings Division of the District Court of Montana, as the Underlying Claim occurred and was resolved in Park County, Montana.

9. There is an actual justiciable controversy between the parties concerning their rights and obligations under the Policy.

## II. GENERAL ALLEGATIONS

10. The parties' rights and obligations under the Policy, specifically whether Progressive had a duty to defend Ryder on the Underlying Claim, and breached that duty and the Policy by failing to defend Ryder on the Underlying Claim, is the subject of this action.

**B. The Policy and Rental Agreement.**

11. Ryder and Active Transport entered into a truck sharing program short term program lease (the "Lease") effective January 2, 2022, pursuant to which Active Transport borrowed the Tractor from Ryder.

12. In the Lease, Active Transport agreed to procure a standard form automobile liability insurance policy with Ryder named as an additional insured and loss payee, covering all risks of loss or damage to persons or property, arising out of the ownership, maintenance, use, or operation of the Tractor during the term of the Lease, regardless of fault.

13. Active Transport did in fact procure the Policy from Progressive, on the terms required by the Lease, on which Ryder was named as an additional insured,

and coverage provided to Ryder for accidents involving the Tractor with a limit of $1,000,000.00.

14. Active Transport further agreed in the Lease that Ryder would have "absolutely no liability whatsoever" and agreed to "release, indemnify, and hold Ryder harmless for any and all . . . claims, damages, or losses arising from the injuries of any nature whatsoever, or death of [Active Transport, Active Transport's] agents, employees, guests, family members of [Active Transport's family] or other occupants of the [Tractor]."

**B. The Underlying Claim**

15. On February 9, 2020, Active Transport's employed drivers Terrell Myrick and Shampree Nicole Sims, were involved in a single-vehicle accident, crashing the Tractor, which was fatal to both Mr. Myrick and Ms. Sims.

16. Ryder received notice of the February 9, 2020 Tractor accident shortly after it occurred.

17. On February 17, 2020, Ryder tendered the Underlying Claim for coverage to Progressive.

18. On February 20, 2020, Ryder received a legal demand on behalf of representatives of the Estate of Tyrell Myrick;

19. On February 20, 2020, Ryder received a legal demand on behalf of the representatives of the Estate of Shampree Nicole Sims, including a time-limited

demand for information about the accident, coverage, and preservation of the Tractor.

20. On February 21, 2020, Ryder received another legal demand on behalf of representatives of the Estate of Shampree Nicole Sims, including a time-limited demand for inspection of the Tractor.

21. Progressive never responded to Ryder's the February 17, 2020 tender of the Underlying Claim.

22. On or around July 20, 2020, Ryder again tendered the Underlying Claim to Progressive, expressly requesting payment of the defense costs being incurred

23. Ryder began incurring fees, costs, and expenses for its defense of the Underlying Claim February 2020.

24. While Progressive delayed and ignored Ryder's tender for defense of the Underlying Claim, Ryder continued to incur fees, costs, and expenses for its defense of the Underlying Claim, including but not limited to retaining a local claims adjuster and counsel in Montana; coordinating with counsel for the decedents, Active Transport, and owner of the trail on preservation of evidence; retention of expert witnesses and consultants to assist in the vehicle inspection; conducting multiple inspections of the wreckage, accident reconstruction, mechanical assessment of the Tractor, and evaluation of the crash site.

25. The defense efforts undertaken by Ryder, while Progressive delayed and ignored its tender, were necessary to protect Ryder and its insurers from unnecessary exposure in a double-fatality crash.

26. On June 1, 2020, Progressive opted to settle the Underlying Claim by paying the policy limits to the claimants, on behalf of all insureds including Ryder.

27. Since that resolution of the Underlying Claim, Ryder submitted bills evidencing its expenses, fees, and costs incurred in defending itself on the Underlying Claim to Progressive, requesting reimbursement due to Progressive's failure to respond to Ryder's tender, and failure to provide it with an investigation and defense.

28. Progressive has refused to reimburse Ryder's expenses, fees, and costs, incurred in its own defense and as a result of Progressives failure to respond to Ryder's tender of the Underlying Claim.

**C. Policy Provisions.**

29. Upon information and belief, the Policy provides, in relevant part, as follows:

> Subject to the Limits of Liability, if [Active Transport] pay[s] the premium for liability for the insured auto involved, we will pay damages, other than punitive or exemplary damages, for bodily injury, property damage, and covered pollution cost or expense, for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that insured auto. However, we will only pay for the covered pollution

cost or expense if the same accident also caused bodily injury or property damage to which this insurance applies.

We will settle or defend, at our option, any claim or lawsuit for damages covered by this Part I. We have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

### III.  CAUSES OF ACTION

### COUNT I – DECLARATORY JUDGMENT

30. Ryder incorporates by reference Paragraphs 1 through 27 above.

31. Progressive had a legal duty to:

   a. Promptly investigate all claims asserted against Ryder.  § 33-18-201(4) and (5), M.C.A.; and see Daly Ditches Irr. Dist. V. Nat'l Sur. Corp., 234 Mont. 537, 541, 764 P.2d 1276, 1279 (1988) ("Insurers have the duty to investigate claims and coverage promptly.")

   b. Defend Ryder in the Underlying Claim.  See e.g. Nat'l Indem. Co. v. State, 2021 MT 300, ¶ 26, 406 Mont. 288, 306–07, 499 P.3d 516, 528 ("Montana law is well-settled that an insurer's duty to defend its insured arises when an insured sets forth facts which represent a risk covered by the terms of an insurance policy."); citing Farmers Union Mut. Ins. Co. v. Staples, 2004 MT 108, ¶ 20, 321 Mont. 99, 90 P.3d 381.

32. By failing to respond to Ryder's tender of the Underlying Claim Progressive breached the duties set forth in paragraph 31 hereinabove.

33. As a result of Progressive's breach of the duty to investigate and defend Ryder, Ryder was justified in taking steps to limit its own personal liability, including retaining its own defense counsel and liability experts, conducting inspections, and preserving evidence necessary for its liability defenses. See Abbey/Land, LLC v. Glacier Construction Partners, LLC, 2019 MT 19, ¶ 34 ("When an insurer wrongly refuses to defend its insured, 'the insured is justified in taking steps to limit his or her personal liability,' . . . .").

34. Ryder is entitled to declaratory relief proclaiming that Progressive breached: (a) the duty to promptly investigate the Underlying Claim; and (b) to defend Ryder against the Underlying Claim.

35. Ryder is entitled to further relief, as necessary or proper, under Montana's Uniform Declaratory Judgment Act. § 27-8-313, M.C.A. ("Further relief based on a declaratory judgment or decree may be granted whenever necessary or proper.").

36. Ryder is entitled to an award of its expenses, fees, and costs that it incurred in investigating and defending the Underlying Claim, and attorney fees incurred in bringing this action. See e.g. Staples, supra, 2004 MT 108, ¶ 20 ("Montana 'case law clearly provides that were the insurer refuses to defend a claim

and does so unjustifiably, that insurer becomes liable for defense costs and judgments.'").

### COUNT II – VIOLATION OF MONTANA'S UNFAIR TRADE PRACTICES ACT – DUTY TO INVESTIGATE AND AFFIRM.

37. Ryder incorporates by reference Paragraphs 1 through 27 above.

38. Montana's Unfair Trade Practices Act ("UTPA") requires insurers to promptly investigate claims based upon all available information and affirm coverage within a reasonable time.  §§ 33-18-201(4) and (5), M.C.A.; Daly Ditches Irr. Dist. V. Nat'l Sur. Corp., 234 Mont. 537, 541, 764 P.2d 1276, 1279 (1988) ("Insurers have the duty to investigate claims and coverage promptly.").

39. Ryder, as an insured, has an independent cause of action for damages against Progressive for violation of §§ 33-18-201(4) and (5), M.C.A.  §§ 33-18-242(1) and (4), M.C.A.

40. Ryder suffered actual damages proximately resulting from Progressive's breach of its duty to promptly investigate the Underlying Claim on Ryder's behalf, which Ryder is entitled to recover in this suit. §§ 33-18-242(1) and (4), M.C.A.

41. Ryder is entitled to recover exemplary damages in accordance with § 27-1-221, M.C.A., as a result of Progressives' breach of its duty to properly investigate the Underlying Claim on Ryder's behalf.

## COUNT III – COMMON LAW BAD FAITH.

42. Ryder incorporates by reference Paragraphs 1 through 40 above.

43. Ryder was a named insured under the Policy.

44. Every insurance contract includes a covenant of good faith and fair dealing.  See Draggin' Y Cattle Company, Inc. v. Junkermier, Clark, Campanella, Stevens, P.C., 2019 MT 97, ¶ 29, 395 Mont. 316, 439 P.3d 935.

45. Progressive's duty of good faith and fair dealing required it to deal with Ryder honestly in fact, and in the observance of reasonable commercial standards of fair dealing in the trade. § 28-1-211, M.C.A.

46. Progressive breached the duty of good faith and fair dealing by failing to respond to Ryder's tender, failing to timely investigate coverage, and failing to defend Ryder, thereby forcing Ryder to incur costs, fees, and expenses in the preservation of evidence, investigation, and retention of counsel and experts to protect itself against the Underlying Claim.

47. Progressive's breach of the duty of good faith and fair dealing proximately caused actual damages to Ryder, which Ryder is entitled to recover in this action.

## COUNT IV – BREACH OF INSURING AGREEMENT.

48. Ryder incorporates by reference Paragraphs 1 through 47 above.

49. Progressive had contractual obligations owed to Ryder as an insured on the Policy, which included: (a) to timely respond to Ryder's tender of the claim for

defense and indemnity; (b) to timely investigate and advise on coverage; and (c) to defend Ryder on the Underlying Claim.

50. Progressive breached the contractual obligations referenced in paragraph 49, by failing to respond to Ryder's tender, failing to timely investigate coverage, and failing to defend Ryder, thereby forcing Ryder to incur costs, fees, and expenses in the preservation of evidence, investigation, and retention of counsel and experts to protect itself against the Underlying Claim.

51. Progressive's breach of the Policy proximately caused Ryder to suffer actual damages, which it is entitled to recover in this action.

## III.   PRAYER FOR RELIEF

WHEREFORE, Ryder requests the following relief:

1. For Count I, for a judicial declaration that Progressive breached the duty to investigate, and duty to defend, and thereby damaged Ryder, entitling Ryder to a money judgment and award of attorney fees incurred in this matter.

2. For Count II, for a money judgment and award of attorney fees incurred in this matter, resulting from Progressive's violation of the UTPA.

3. For Count III, for a money judgment and award attorney fees incurred in this matter, resulting from Progressive's common law bad faith.

4. For Count IV, for a money judgment and award of attorney fees incurred in this matter, resulting from Progressive's breach of contract.

5. A judgment for actual damages.

6. A judgment for exemplary damages.

7. An award of attorney fees and costs as allowed by law.

8. For such other relief as the Court deems just.

DATED this 4th day of January, 2023.

TARLOW STONECIPHER
WEAMER & KELLY, PLLC

*/s/ Patrick C. Riley*
Patrick C. Riley
1705 West College Street
Bozeman, MT 59715
(406) 586-9714
priley@lawmt.com
*Attorneys for Ryder Truck Rental, Inc.*

## JURY DEMAND

Ryder hereby requests a trial by jury of all issues so triable in this matter.

TARLOW STONECIPHER
WEAMER & KELLY, PLLC

*/s/ Patrick C. Riley*
Patrick C. Riley
1705 West College Street
Bozeman, MT 59715
(406) 586-9714
priley@lawmt.com
*Attorneys for Ryder Truck Rental, Inc.*